In the Matter of the Final Judicial Settlement of the Account of Proceedings of JOSEPH W. BEWSHER, as Sole Testamentary Trustee of and under the Last Will and Testament of WILLIAM H. WATSON, SR., Deceased.

ALBANY GUARDIAN SOCIETY AND HOME FOR THE FRIENDLESS, Appellant; FREDERICK C. WATSON, Individually and as Administrator, etc., of BERTHA C. WATSON, Deceased, and Others, Respondents.

Third Department, May 2, 1917.

**Decedent's estate — trust — gift to charitable institution under will executed less than two months prior to death.**

Where a testator made and executed a will less than two months prior to his death, by which after making a specific bequest and devise to his son, he gave the remainder of his property in trust to pay one-half of the income to his son for life, and the other half to the wife of said son, and further provided that upon the death of either the entire income was to go to the survivor for life, with the further right to dispose of the entire estate by will, and in default of such disposition the trustee was to hold the estate in trust and pay the entire principal sum and all unexpended income to a charitable institution, said attempted gift, the power of appointment not having been exercised, is invalid under section 6 of chapter 319 of the Laws of 1848, as amended by chapter 623 of the Laws of 1903, although said institution was to take only in the more or less remote possibility of the property not being disposed of pursuant to the will.

COCHRANE, J., dissented, with opinion.

APPEAL by the Albany Guardian Society and Home for the Friendless from so much of a decree of the Surrogate's Court of the county of Albany, entered in the office of said Surrogate's Court on the 27th day of November, 1916, as directs the testamentary trustee to transfer and pay over to Frederick C. Watson, as administrator, certain moneys.

*A. Page Smith,* for the appellant.

*Keeshan & Sleicher* [*Frank R. Keeshan* of counsel], for the respondent Watson.

WOODWARD, J.:

William H. Watson, Sr., died on the 1st of May, 1907, a resident of the county of Albany, leaving a last will

and testament, executed on April 12, 1907, which was duly admitted to probate on the 8th day of May, 1907, on which day letters testamentary were duly issued to Joseph W. Bewsher who qualified and is still acting as executor. By the terms of said last will and testament the testator made a specific bequest to his son, William H. Watson, Jr., and devised a certain piece of real estate to the same son, and gave the remainder of his property to his executor in trust, to pay over the income of one-half of such property to his son during his natural life, and the other half to the wife of said son, and upon the death of either the entire income was to go to the survivor for life, with the further provision that the survivor might dispose of the entire estate by will. In default of such a disposition on the part of the survivor the will provided that the trustee was to hold the same in trust to pay over the entire principal sum, and all unexpended income therefrom, to the Albany Guardian Society and Home for the Friendless, commonly called The Old Woman's Home, a charitable institution, located and having a place of business on Clinton avenue, in the city of Albany, for it to have and to hold the same forever. The will likewise provided that the executor should be authorized, in his discretion, to encroach upon the corpus of the estate, to provide for the son and his wife in a suitable manner in sickness or in health; so that it is evident that the testator had in mind the vesting of the beneficial enjoyment of his estate in his son and his son's wife, or the survivor of them, with a proviso which enabled the survivor to continue it to the use of his or her heirs, or to others, if so minded, and that the Albany Guardian Society and Home for the Friendless was to take only in the more or less remote possibility of the property not being thus disposed of.

William H. Watson, Sr., was survived by his son, and by the son's wife, and during the lives of both the trust was concededly administered according to the terms of the will. The son died a resident of Albany county on the 13th day of May, 1913, leaving a last will and testament, by the provisions of which his entire estate vested in his widow, Bertha C. Watson. William H. Watson, Jr., was survived by a son by a former wife who had been divorced. Bertha C. Watson, the survivor in the trust, died without making any use of the

power of appointment under the will of William H. Watson, Sr., and the son of William H. Watson, Jr., as administrator of her estate, has procured a decree from the Surrogate's Court of Albany county directing that the corpus of the trust estate, remaining in the hands of the trustee, be turned over to him as such administrator, and he is now in the possession of such fund, the decree holding that the attempted trust in favor of the Albany Guardian Society and Home for the Friendless was void because of the fact that the will under which this attempted gift was made was executed less than two months preceding the death of William H. Watson, Sr., and that it could not, under section 6 of chapter 319 of the Laws of 1848, as amended by chapter 623 of the Laws of 1903, be a valid disposition of the property to such corporation.

The appellant has a theory that because it was not the intention of the testator to make this gift to the Albany Guardian Society and Home for the Friendless except in a rather remote contingency, and that it was not to take except upon the death of the survivor, there was something in the will which took the case out of the provisions of the statute. Just what that something is does not fully appear to us. It is certain that if any right passed by the will it did so at the time of testator's death, however subject it may have been to defeat through the happening of the contingencies mentioned in the instrument. The will operated to make a gift at the time of the death of the testator, or it had no effect whatever; whatever right the appellant had was fixed by the will upon its becoming operative, and if it was invalid at that time no lapse of time could make it valid. (Broom Leg. Max. [8th Am. ed.] 177.) The Albany Guardian Society was organized under the provisions of chapter 319 of the Laws of 1848, and section 6 of this act, as amended by chapter 623 of the Laws of 1903, provided that " Any corporation formed under this act, shall be capable of taking, holding or receiving any property, real or personal, by virtue of any devise or bequest contained in any last will and testament of any person whatsoever; provided, no person leaving a wife or child or parent, shall devise or bequeath to such institution or corporation more than one-half of his or her estate, after the payment of his or her debts, and such devise or bequest

shall be valid to the extent of such one-half, and no such devise or bequest shall be valid, in any will which shall not have been made and executed at least two months before the death of the testator." It is conceded that William H. Watson, Sr., died in less than two months from the making and executing of this will, so that under the letter of the statute the bequest was invalid at the death of the testator. That which is invalid is void, and that which is void is no thing; it is the same as though it had never had any form. (*Village of Fort Edward* v. *Fish*, 156 N. Y. 363, 371, 374.)

We are of the opinion that the trustee took the estate in trust for the benefit of William H. Watson, Jr., and his wife, and that when the survivor died, without exercising the power of disposition, the trust was at an end for all purposes. No part of the estate vested in the Albany Guardian Society at the death of William H. Watson, Sr., and, of course, it passed to his heir at law, subject to the trust, which has been executed. The heir at law passed his interest along to his widow by will, and it thus became a part of her estate.

The decree appealed from should be affirmed, with costs.

All concurred, except COCHRANE, J., who dissented, with opinion.

COCHRANE, J. (dissenting):

The language of the statute (Laws of 1848, chap. 319, § 6, as amd. by Laws of 1903, chap. 623) is that any corporation formed under the act may take property " by virtue of any devise or bequest " contained in a last will and testament, but that " no such devise or bequest shall be valid, in any will which shall not have been made and executed at least two months before the death of the testator."

It is only in a limited and restricted sense that the appellant claims title to the fund in question solely " by virtue of " the bequest in the will of William H. Watson, Sr., or that the claim of the appellant rests exclusively on a " bequest " under that will. In a larger and more comprehensive sense the claim of the appellant exists not only " by virtue of " the bequest in the will but also by virtue of the fact that Bertha C. Watson has not executed the power given her by that will. There would be no doubt that if she had exercised such power

in favor of this appellant, such exercise of power would have been valid and the appellant would have good title to the fund in question. Its title in such case would depend both on the provisions of the will of William H. Watson, Sr., and also on the exercise by Bertha C. Watson of the power conferred on her by said will. The two elements would combine to give good title to this appellant. So on the other hand it seems to me that Bertha C. Watson having failed to execute such power, such failure on her part must likewise be considered as an element in determining the title to this fund. Such title depends not exclusively on the provisions of the will but also on what Bertha C. Watson has done or omitted to do in connection with the power granted her by the will. It is not alone the will of the testator but also the will of Bertha C. Watson to execute or not to execute the power conferred on her which determines this question. It does not seem to me that this reasoning is abstruse when it is considered that the statute is a somewhat arbitrary interference with the right of the testator to dispose of his property as he pleases, and that under the circumstances here disclosed the claim of the appellant is in clear conformity with the wishes and intent of the testator. I think this case does not fairly come within the prohibition of the statute.

Decree affirmed, with costs.